IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICKEY HUNTER; MARCOS MEZA; KENNETH NOLES; BRENT RILEY; and STEVEN STANDRIDGE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AGILITY ENERGY, INC.; PERRY TAYLOR; TODD HANSEN; JESSICA HANSEN; DILLION PING; and HEATHER STEWART, individually and as officers, directors, shareholders, and/or principals of AGILITY ENERGY, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' RENEWED MOTION TO DISMISS PLAINTIFFS' COLLECTIVE ACTION CLAIMS<br><br>Case No. 2:18-CV-618 TS-PMW<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants' Renewed Motion to Dismiss Plaintiffs' Collective Action Claims. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

This is an action brought by Plaintiffs, individually and on behalf of other similarly situated individuals, under the Fair Labor Standards Act ("FLSA"). Plaintiffs allege that Defendants failed to pay overtime pay as required. Plaintiff Hunter, who was the only named Plaintiff in the original Complaint, also asserts a claim for retaliatory discharge.

At the time this suit was filed, a related action was pending in the Western District of Texas (the "*Burton* action"). Defendants sought dismissal of this case under the first-to-file rule based on the *Burton* action. However, soon after seeking dismissal, the parties agreed to stay this action to determine whether it could be resolved along with the *Burton* action.

1

The *Burton* action was subsequently resolved, and that case has now been dismissed. However, the named Plaintiffs in this case did not opt-in to that action. Having failed to reach a resolution, Plaintiffs filed an Amended Complaint on June 27, 2019. Defendants have now filed this renewed Motion, seeking dismissal of Plaintiffs' collective action claims.

## II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[1] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[2] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[3] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5] As the Court in *Iqbal* stated,

> [o]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[6]

In considering a motion to dismiss, a district court not only considers the complaint, "but also the attached exhibits,"[7] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[8] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[9]

### III. DISCUSSION

Defendants seek dismissal under the first-to-file rule. The first-to-file rule applies "[w]hen two federal suits are pending."[10] "Under this rule, courts consider three factors: '(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake.'"[11] "[T]hese factors are not exhaustive, and other equitable factors may bear on the inquiry."[12]

---

[6] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[7] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[8] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[9] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[10] *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018).

[11] *Id.* (quoting *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016)).

[12] *Id.*

A number of courts have concluded that the first-to-file rule has no application where the first-filed case is no longer pending.[13] With respect to FLSA collective actions, courts have rejected reliance on the first-to-file rule and have permitted a second collective action when the first action is no longer pending.[14] The Court finds the reasoning of these cases persuasive. While Defendants' initial request for dismissal may have been well-taken at the time it was made, Defendants continued reliance on the first-to-file rule after the dismissal of the *Burton* action is misplaced. Therefore, the Court declines to dismiss Plaintiffs' collective action claims.

Defendants make a number of other arguments in an effort to demonstrate that collective action is inappropriate. However, Plaintiffs have withdrawn their motion for conditional certification and that issue is not presently before the Court. Defendants' arguments are better addressed if and when Plaintiffs file an amended motion for conditional certification. Plaintiffs have represented that they may not pursue collective action if there are no viable putative collective members.[15] Thus, Defendants' arguments may become moot. While the Court is not unsympathetic, the instant Motion is not the proper venue to address Defendants' concerns.

---

[13] *Jackson v. Rhino Entm't Co.*, No. CV 16-01668-BRO, 2017 WL 8232807, at *5 (C.D. Cal. Feb. 22, 2017) ("[W]here, as here, the first-filed case is no longer pending before another district court, it appears that the first-to-file rule has no application."); *Critchlow v. Barcas Field Servs, LLC*, No. 13-CV-01404-JAR-KMH, 2014 WL 1664819, at *1 (D. Kan. Apr. 25, 2014) ("The first-to-file rule is only appropriate when the actions of two competing courts are concurrent. Considering that the Oklahoma action has been dismissed, the Court finds that application of the first-to-file rule is now moot and denies Defendants' motion to dismiss."); *Merswin v. Williams Cos., Inc.*, No. 1:08-CV-2177-TWT, 2009 WL 249340, at *3 (N.D. Ga. Jan. 30, 2009) ("The first-filed rule has no application here because the Oklahoma action is no longer pending . . . .").

[14] *Kampfer v. Fifth Third Bank*, No. 14-CV-2849, 2016 WL 1110257, at *2–3 (N.D. Ohio Mar. 22, 2016); *Atkins v. Worley Catastrophe Response, LLC*, 921 F. Supp. 2d 593, 599–603 (E.D. La. 2013).

[15] Docket No. 46, at 11–12.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Renewed Motion to Dismiss Plaintiffs' Collective Action Claims (Docket No. 40) is DENIED.

DATED this 18th day of November, 2019.

BY THE COURT:

Ted Stewart
United States District Judge