April L. Hollingsworth (Bar No. 9391)
**Hollingsworth Law Office, LLC**
1881 South 900 East
Salt Lake City, Utah 84105
Telephone: 801-415-9909
april@aprilhollingsworthlaw.com
Attorneys for Plaintiffs

**OF COUNSEL** (*admitted pro hac vice*)

James A. Vagnini
Robert R. Barravecchio
Alexander M. White
**Valli Kane & Vagnini LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
T: (516) 203-7180

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RICKEY HUNTER; MARCOS MEZA; KENNETH NOLES; BRENT RILEY; and STEVEN STANDRIDGE, individually and on behalf of all others similarly situated, | Case No.: 2:18-CV-00618 |
| Plaintiffs, | |
| vs. | Judge Ted Stewart |
| AGILITY ENERGY INC.; and DILLON PING. individually and as an officer, director, shareholder, and/or principal of AGILITY ENERGY INC. | |
| Defendants. | |

## NOTICE OF PLAINTIFFS' UNOPPOSED MOTION FOR APPORVAL OF A FAIR LABOR STANDARDS ACT SETTLEMENT

For the reasons set forth in Plaintiffs Rickey Hunter's, Marcos Meza's, Kenneth Noles's,

Brent Riley's, and Steven Standridge's (collectively, "Plaintiffs") accompanying Memorandum of

Law in Support of Plaintiffs' Unopposed Motion for Approval of A Fair Labor Standards Act

Settlement, Plaintiffs, pursuant to 29 U.S.C. § 216(b), respectfully request that the Court enter an Order:

1. Approving the Parties' proposed settlement agreement;

2. Mandating that the Court retain jurisdiction over this matter until all monies are paid pursuant to the proposed settlement agreement;

3. Requiring Plaintiffs to notify the Court that all monies have been paid pursuant to the proposed settlement agreement within ten (10) days of the final payment; and

4. Dismissing this matter with prejudice following Plaintiffs' notification to the Court that all monies have been paid pursuant to the proposed settlement agreement.

Dated:        April 23, 2020

Respectfully submitted,

*/s/ Alexander M. White*
James A. White
(admitted *pro hac vice*)
Robert R. Barravecchio
(admitted *pro hac vice*)
Alexander M. White
(admitted *pro hac vice*)
**Valli Kane & White LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
T: (516) 203-7180
F: (516) 706-0248

April Hollingsworth
Hollingsworth Law Office, LLC
1115 South 900 E
Salt Lake City, Utah 84105
T: (801) 415-9909
F: (801) 303-7324

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2020, a true and correct copy of the foregoing document was served upon Defendants via the Court's electronic filing system.

Date:   April 23, 2020

*/s/ Alexander M. White*
Alexander M. White

April L. Hollingsworth (Bar No. 9391)
**Hollingsworth Law Office, LLC**
1881 South 900 East
Salt Lake City, Utah 84105
Telephone: 801-415-9909
april@aprilhollingsworthlaw.com
Attorneys for Plaintiffs

**OF COUNSEL** (*admitted pro hac vice*)

James A. Vagnini
Robert R. Barravecchio
Alexander M. White
**Valli Kane & Vagnini LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
T: (516) 203-7180

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RICKEY HUNTER; MARCOS MEZA; KENNETH NOLES; BRENT RILEY; and STEVEN STANDRIDGE, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>AGILITY ENERGY INC.; and DILLON PING. individually and as an officer, director, shareholder, and/or principal of AGILITY ENERGY INC.,<br><br>        Defendants. | Case No.: 2:18-CV-00618<br><br><br><br>Judge Ted Stewart |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION
## FOR APPORVAL OF A FAIR LABOR STANDARDS ACT SETTLEMENT

## TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………………………..ii

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 3

  **I.**   THE PROPOSED SETTLEMENT AGREEMENT IS A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE .......................................................... 3

    A.  The Proposed Settlement Agreement Concerns a Bona Fide Dispute ............................ 3

    B.  The Proposed Settlement Agreement is Fair and Reasonable to All Parties .................. 5

  **II.**   THE COURT SHOULD APPROVE PLAINTIFFS' COUNSEL'S FEES AND EXPENSES PURSUANT TO THE PROPOSED SETTLEMENT AGREEMENT ................. 7

    A.  The First Johnson Factor ............................................................................ 8

    B.  The Second, Third, and Ninth Johnson Factor ............................................... 9

    C.  The Fifth, Sixth, Eighth, and Twelfth Johnson Factors .................................. 10

    D.  The Tenth Johnson Factor ......................................................................... 11

    E.  The Eleventh Johnson Factor ..................................................................... 11

    F.  The Fourth and Seventh Johnson Factors .................................................... 12

CONCLUSION............................................................................................................. 12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Aaron v. City of Wichita, Kan.*
  54 F.3d 652 (10th Cir. 1995)................................................................. 5

*Baker v. Vail Resorts Mgmt. Co.*
  No. 13-CV-01649, 2014 WL 70009 (D. Colo. Feb. 24, 2014) ................................... 3

*Barbosa v. Nat'l Beef Packing Co., LLC*
  No. 12-CV- 2311, 2015 WL 4920292 (D. Kan. Aug. 18, 2015) ........................................10-11

*Boeing Co. v. Van Gemert*
  444 U.S. 472 (1980) ................................................................. 7

*Bohn v. Park City Grp., Inc.*
  94 F.3d 1457 (10th Cir. 1996)................................................................. 5

*Brown v. Phillips Petroleum Co.*
  838 F.2d 451 (10th Cir. 1988)................................................................. 12

*Burton v. Agility Energy Inc.*
  7:17-CV-00204 (W.D. Tex. 2017), ................................................................. 1

*Campbell v. C.R. England, Inc.*
  No. 2:13-CV-00262 (CW), 2015 WL 5773709 (D. Utah Sept. 30, 2015)...................... 3, 5, 7, 9

*Foster v. Robert Brogden's Olathe Buick GMC, Inc.*
  No. 17-2095, 2019 WL 6715470 (D. Kan. Dec. 10, 2019)................................................10-12

*Gottlieb v. Barry*
  43 F.3d 474, (10th Cir.1994)................................................................. 7-8

*Johnson v. Georgia Highway Exp., Inc.*
  488 F.2d 714 (5th Cir. 1974)................................................................. 8

*Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*
  679 F.2d 1350  (11th Cir. 1982)................................................................. 3

*McCaffrey v. Mortg. Sources, Corp.*
  No. 08-CV-2660, 2011 WL 32436 (D. Kan. Jan. 5, 2011) ........................................................ 3

*Saenz Mencia v. Allred*
  No. 2:11-CV-200 (CW), 2017 WL 4480836 (D. Utah Oct. 6, 2017) ........................................ 9

*Tennille v. W. Union Co.*
  785 F.3d 422 (10th Cir. 2015) ................................................................................................. 5

*Uselton v. Commercial Lovelace Motor Freight, Inc.*
  9 F.3d 849 (10th Cir.1993) ....................................................................................................... 12

*Whittington v. Taco Bell of Am., Inc.*
  No. 10–CV–01884, 2013 WL 6022972 (D. Colo. Nov. 13, 2013) ........................................... 9

**Statutes**

29 U.S.C. §§ 201 ....................................................................................................................... 1

29 U.S.C. §§ 216(b)………………………………………………………………………….2

## **INTRODUCTION**

This is an FLSA misclassification and retaliation action brought by Plaintiffs Rickey Hunter ("Hunter"), Marcos Meza ("Meza"), Kenneth Noles ("Noles"), Brent Riley ("Riley"), and Steven Standridge ("Standridge") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, Valli Kane & Vagnini LLP, against Defendants Agility Energy Inc. and Dillon Ping (collectively, "Defendants") for their violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA").

Defendants are engaged in the petroleum and fracking industry and employed Plaintiffs as Quality Control Managers ("QCMs") who, among other things, coordinated the sand at the fracking sites, transported truck parts and fire extinguishers, used tools to change the nipples on the sand containment units, re-sealed hatches on the trucks, transported the truck drivers, inspected the hose hook ups, and signed billing tickets. *See* Dkt. No. 49 ¶¶ 2, 51. Plaintiffs allege that almost all of Plaintiffs work was blue-collar in nature. *See id.* at ¶ 50. Plaintiffs allege in the Amended Complaint that they were not exempt employees despite Defendants identifying QCMs as managers and paying them on a salary basis. *See id.* at ¶¶ 2, 49-55, 78-80. Plaintiffs further allege in the Amended Complaint that Defendants required them to work in excess of forty (40) hours per workweek without compensation at the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per week in violation of the FLSA. *See id.* at ¶¶ 77, 89, 113, 124, 135, 146.

Prior to the filing of the Original Complaint, a competing FLSA action was pending in the Western District of Texas styled *Burton v. Agility Energy Inc.*, 7:17-CV-00204 (W.D. Tex. 2017), which sought a FLSA collective of all QCMs who were not properly paid the overtime premium. *See Burton*, 7:17-CV-00204. Following the filing of the Original Complaint, Defendant Agility

Energy Inc. settled *Burton* on behalf of all QCMs, including those who did not opt-in to the case. *See* Dkt. No. 29 at 20. Of the potential one hundred and six (106) putative collective members in *Burton*, only fourteen (14) (including Plaintiffs) did not cash their settlement checks and release their claims against Defendants. *See* Dkt. No. 40 at 21.

Due to the *Burton* settlement, Plaintiffs concluded that it was reasonable to settle this matter on an individual basis rather than move for conditional certification of a potential fourteen (14) member collective. Thus, they engaged in settlement discussions with Defendants. After more than a year of negotiations, Plaintiffs and Defendants (collectively, the "Parties") were able to privately negotiate a resolution on an individual basis and have agreed upon the terms of the proposed settlement agreement, which is attached hereto as Exhibit A ("Ex. A").

Under this proposed settlement agreement, Defendants have agreed to pay a total of $52,500.00 to Plaintiffs and their counsel. *See id.* Pursuant to the settlement agreement, the Parties further agreed that due to Defendants' financial need, the total settlement payment of $52,500.00 will be made in three installments as follows: (i) $10,000.00 within thirty (30) days following execution of the agreement, (ii) another $10,000.00 thirty (30) days thereafter, and (iii) a final payment of $32,500.00 thirty (30) days following the second payment. *See id.* Of the $52,500.00, Plaintiffs are to receive a total of $33,976.75 and Plaintiffs' counsel is to receive $18,523.25 for attorneys' fees and expenses. *See id.* Therefore, pursuant to 29 U.S.C. § 216(b), the Parties respectfully request that the Court approve this proposed settlement agreement as set forth below.

## ARGUMENT

I.    **THE PROPOSED SETTLEMENT AGREEMENT IS A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE.**

Districts courts within the Tenth Circuit, including this District, hold that, pursuant to 29 U.S.C. § 216(b), "settlements under the FLSA must be approved by the district court." *Campbell v. C.R. England, Inc.*, No. 2:13-CV-00262 (CW), 2015 WL 5773709, at *2 (D. Utah Sept. 30, 2015) (citations omitted); *see McCaffrey v. Mortg. Sources, Corp.*, No. 08-CV-2660, 2011 WL 32436, at *3 (D. Kan. Jan. 5, 2011)*. "In determining whether approval is appropriate, courts consider whether the settlement 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Campbell*, 2015 WL 5773709 at *2 (quoting *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982)). The proposed FLSA settlement must also contain "a reasonable award of attorneys' fees." *Baker v. Vail Resorts Mgmt. Co.*, No. 13-CV-01649, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

A.  The Proposed Settlement Agreement Concerns a Bona Fide Dispute.

The proposed settlement agreement concerns a bona fide dispute. *See Campbell*, 2015 WL 5773709, at *2 ("To approve a settlement under the FLSA, a court must first determine that a bona fide dispute exists under the FLSA.") (citation omitted). Here, Defendants maintain that they properly classified Plaintiffs as exempt employees and, as such, they are not entitled to the overtime premium for all hours worked in excess of forty (40) hours per workweek. Plaintiffs, on the other hand, allege that due to their job duties that primarily consisted of outdoor operations and manual labor, they are not exempt from overtime under the FLSA. *See* Dkt. No. 39 ¶¶ 2, 49-50, 78-80.  Plaintiffs also allege that they are not exempt under the FLSA because they were not allowed to make independent decisions or exercise their judgment in relation to significant

3

workplace matters. *See id.* at ¶¶ 2, 51-55.   Therefore, there is a bona fide dispute between the Parties regarding whether Plaintiffs were exempt from the overtime premium, which would ultimately require a fact intensive inquiry should this matter proceed to trial.

There is also a bona fide dispute between the Parties regarding the amount of overtime hours Plaintiffs worked. Specifically, Plaintiffs allege that they consistently worked eighty-four (84) hours per week. *See id.* at ¶¶ 75, 85, 109, 120, 131, 142. Defendants deny this allegation and proffer that there were weeks in which Plaintiffs worked significantly less than forty (40) hours, including weeks in which Plaintiffs were paid and did not perform any work; therefore, Defendants believe Plaintiffs are entitled to either none or significantly less damages.  Plaintiffs also allege that Defendants did not maintain a formal time recording system and Defendants assert that they did. *See* Dkt. No. 39 ¶ 72. Accordingly, a bona fide dispute also exists regarding how many hours Plaintiffs worked per week.

Additionally, Defendants deny Plaintiff Hunter's allegation that he was terminated in retaliation for engaging in protected activity pursuant to the FLSA and dispute that he is entitled to damages resulting from his retaliatory termination. *See id.* at ¶¶ 92-104. They maintain that Plaintiff was terminated pursuant to their disciplinary policy. Therefore, bona fide disputes exist as to: (i) whether Plaintiffs are entitled to unpaid overtime wages pursuant to the FLSA; (ii) the amount of hours that Plaintiffs worked per week; and (iii) whether Plaintiff Hunter was terminated in retaliation for his engagement in a protected activity pursuant to the FLSA. The proposed settlement agreement will resolve these bona fide disputes without the added costs and expenses of litigation. By consequence, the proposed settlement agreement will resolve these bona fide disputes without the added time, costs, and expenses of litigation.

B.  The Proposed Settlement Agreement is Fair and Reasonable to All Parties.

The proposed settlement agreement is fair and reasonable. This District holds that "[i]n assessing whether a proposed settlement is fair and reasonable, the court must consider four non-exhaustive factors: '(1) the settlement was fairly and honestly negotiated, (2) serious legal and factual questions placed the litigation's outcome in doubt, (3) the immediate recovery was more valuable than the mere possibility of a more favorable outcome after further litigation, and (4) [the parties] believed the settlement was fair and reasonable.'" *See Campbell*, 2015 WL 5773709, at *5 (quoting *Tennille v. W. Union Co.*, 785 F.3d 422, 434 (10th Cir. 2015)) (alterations in original).

First, the proposed settlement agreement is the result of lengthy settlement discussions between the Parties' counsel who are experienced in wage-and-hour litigation. As evidenced by the numerous requests for a stay of proceedings filed in this action, the Parties took over a year to resolve this matter due to a contentious dispute over the amount of hours per week that Plaintiffs worked and the damages they sustained. *See* Dkt. Nos. 31, 35, 37. The monetary terms of the proposed settlement agreement, however, resulted in a significantly higher amount than what Defendants estimated Plaintiffs' damages to be. Thus, the Court should find the proposed settlement to be fairly and honestly negotiated.

Second, as stated above, there are serious legal and factual questions involved as this is a misclassification case. *See supra*, at 3-4. A determination of whether Plaintiffs are entitled to overtime is a fact intensive inquiry whereby a plaintiff's job duties and responsibilities are examined by a court and applied to a several factor test. *See Bohn v. Park City Grp., Inc.*, 94 F.3d 1457, 1461 (10th Cir. 1996) ("The inquiry into exempt status under § 213(a)(1) remains intensely fact bound and case specific.") (citation omitted); *See also Aaron v. City of Wichita, Kan.*, 54 F.3d

652, 657 (10th Cir. 1995) ("The FLSA exempts any employee employed in a bona fide executive, administrative, and professional capacity from the overtime requirements. . . .") (citations omitted).

Also, as stated above, there is a factual issue regarding the amount of hours that Plaintiffs worked and the amount of unpaid overtime wages to which they are entitled. *See supra*, at 3-4. Should a jury determine Plaintiffs lack credibility, they will likely be entitled to less monetary relief than they are recovering pursuant to the proposed settlement agreement. Therefore, there is no guarantee that: (i) Plaintiffs will be entitled to a favorable judgment as the Court could determine that they are exempt under the FLSA due to their job duties and responsibilities; or (ii) that Plaintiffs will recover more at trial due to the discrepancy in the hours that they worked. This, combined with the added time and expenses[1] with continuing litigation results in the immediate settlement of this action being more valuable than the possibility of a more favorable outcome at trial.

Fourth, accounting for the foregoing, the Parties believe that the proposed settlement agreement is fair and reasonable. The Parties have agreed to settle this matter for $52,500.00 of which Plaintiffs would receive a total of $33,976.75. *See id*. Plaintiffs estimate that they are currently owed a total of approximately $48,768.21 for Defendants' violations of the FLSA. Specifically, Plaintiffs assert they are each owed the following:

- Plaintiff Hunter: $17,074.97[2]
- Plaintiff Meza: $17,939.69
- Plaintiff Noles: $3,500.00
- Plaintiff Riley: $4,098.21
- Plaintiff Standridge: $6,155.34

---

[1] Plaintiffs have not yet conducted formal discovery and there have been no depositions to date. By consequence, Plaintiffs are settling this matter with minimal expenses.

[2] Plaintiff Hunter's damages consist of $10,574.97 in unpaid overtime wages and $6,500.00 in back pay for his retaliatory termination.

Defendants, on the other hand, estimate Plaintiffs' owed overtime damages to be approximately $7,504.54 in total. Specifically, Defendants estimate Plaintiffs are each owed the following in unpaid overtime wages:

- Plaintiff Hunter: $2,136.81[3]
- Plaintiff Meza: $2,970.20
- Plaintiff Noles: $591.03
- Plaintiff Riley: $681.96
- Plaintiff Standridge: $1,124.54

Pursuant to the proposed settlement agreement Plaintiffs are to receive the following:

- Plaintiff Hunter: $10,749.99
- Plaintiff Meza: $13,147.31
- Plaintiff Noles: $2,565.02
- Plaintiff Riley: $3,003.42
- Plaintiff Standridge: $4,511.01

Therefore, the total settlement amount accounts for 107.65% of Plaintiffs' estimated owed wages. After attorneys' fees and expenses, it amounts to 73% of their estimated owed overtime wages and 46% of Plaintiff Hunter's estimated back pay for his retaliation claims, which the Parties believe to be fair and reasonable given the significant risks in continuing litigation.

## II.    THE COURT SHOULD APPROVE PLAINTIFFS' COUNSEL'S FEES AND EXPENSES PURSUANT TO THE PROPOSED SETTLEMENT AGREEMENT.

Plaintiffs' counsel's fees and expenses pursuant to the proposed settlement agreement are reasonable. "In suits where a fund is recovered and fees are awarded therefrom by the court, the United States Supreme Court has indicated that the correct approach is to compute fees as a percentage of the common fund recovered." *Campbell*, 2015 WL 5773709 at *6 (citing *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478–79 (1980)). "The Tenth Circuit also recognizes the

---

[3] Defendants allege that Plaintiff Hunter was not terminated in retaliation for his protected activity and is not owed any back pay.

propriety of the percentage-of-the fund method when awarding fees." *Campbell*, 2015 WL 5773709 at *6 (citing *Gottlieb v. Barry*, 43 F.3d 474, 484 (10th Cir.1994)).

"In assessing reasonableness, the Tenth Circuit has instructed courts to consider the following factors [set forth in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)]: (1) time and labor required; (2) novelty and difficulty of question presented by the case; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment by the attorneys due to acceptance of the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or circumstances; (8) amount involved and results obtained; (9) experience, reputation and ability of the attorneys; (10) "undesirability" of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases." *Campbell*, 2015 WL 5773709 at *6 (citing *Gottlieb*, 43 F.3d at 483.) *See Johnson*, 488 F.2d at 717-720.

Here, pursuant to the proposed settlement agreement, Plaintiffs' counsel is to receive $17,498.25 in attorneys' fees or 33.33% of the $52,500.00 settlement amount, plus expenses of $1,025.00, which represents costs actually incurred by counsel in litigating this action, for a total of $18,523.25 or 35.28% of the total settlement amount. *See* Ex. A; Plaintiffs' Counsel's Expense Report, attached hereto as Exhibit B. For the reasons set forth below, Plaintiffs' counsel's fee of $17,498.25 and expenses of $1,025.00 satisfies *Johnson's* twelve (12) factor test.

A.  The First Johnson Factor.

First, Plaintiffs' counsel has spent a significant time and labor representing Plaintiffs over the past eighteen (18) months as demonstrated below:

| Name | Title | Hourly Rate | Hours Worked | Total Fee |
|---|---|---|---|---|
| Robert J. Valli, Jr. | Partner | $400.00 | 1.30 | $520.00 |
| April Hollingsworth | Partner | $385.00 | 9.60 | $3,696.00 |
| Sara Wyn Kane | Partner | $350.00 | 6.22 | $2,177.00 |

| Robert R. Barravecchio | Partner | $350.00 | 10.64 | $3,724.00 |
|---|---|---|---|---|
| Alexander M. White | Associate | $200.00 | 153.23 | $30,646.00 |
| Luz Arce | Paralegal | $100.00 | 2.18 | $218.00 |
|  |  |  |  |  |
| **Total** |  |  | 182.77 | $40,981.00 |

*See* Plaintiffs' Billing Report, attached hereto as Exhibit C; *Saenz Mencia v. Allred*, No. 2:11-CV-200 (CW), 2017 WL 4480836, at *4 (D. Utah Oct. 6, 2017) (holding that an hourly rate of $450.00 for a highly experienced attorney is reasonable in an FLSA case). Based off Plaintiffs' counsel's hourly records and billing rates, their 33.33% fee is only 42.70% of their lodestar. Thus, their fee does not require a multiplier and satisfies the lodestar cross check calculation. *See Campbell*, 2015 WL 5773709 at *7, n.5. ("Applying the lodestar crosscheck calculation here results in multiplier of 2.9, which is within a reasonable range.").

Furthermore, when factoring in Plaintiffs' counsel's expenses of $1,025.00, the total amount the settlement allocated to them represents only 35.28% of the total settlement fund, which this District has held to be reasonable. *See id.* at *7 (*"*The court notes that when combined together, the total attorneys [sic] fees and costs requested represent approximately 35% of the Settlement Fund as a whole. This aggregated amount is within a reasonable range."); *see also Whittington v. Taco Bell of Am., Inc.*, No. 10–CV–01884, 2013 WL 6022972, at *6 (D. Colo. Nov. 13, 2013) (approving settlement where total fees and expenses amounted to approximately 39% of the settlement fund). Accordingly, this factor favors approval of the requested fees.

### B.  The Second, Third, and Ninth Johnson Factor.

There is a substantial amount of difficulty associated with this case and it requires skill to litigate. As stated above, due to its nature as an FLSA misclassification case, there are fact intensive inquiries required to prove Plaintiffs' case. *See supra*, at 3-4. Had this case proceeded, Plaintiffs' counsel would have also had to move for and, if successful, represent a collective.

Plaintiffs' counsel are also experienced in wage-and-hour law litigation with a combined

total of over seventy (75) years of experience.[4] Furthermore, their firms primarily practice employment law. *See Foster v. Robert Brogden's Olathe Buick GMC, Inc.*, No. 17-2095, 2019 WL 6715470, at *6 (D. Kan. Dec. 10, 2019) (finding that over fifty (50) years of combined experience between attorneys who devoted substantial time to the case satisfies the third and ninth *Johnson* factor). Thus, these factors favor approval of the requested fees.

### C.   The Fifth, Sixth, Eighth, and Twelfth Johnson Factors.

Plaintiffs have retained counsel on a 40% contingency fee basis. Despite the retainer agreements, Plaintiffs' counsel is only seeking 33.33% of the total settlement, which is the customary fee in this District for similar FLSA cases. *See Campbell*, 2015 WL 5773709 at *6 ("[T]he court finds the 33.3% fee represents a customary contingency fee and is consistent with awards provided in similar cases.") (collecting cases); *see also Foster v. Robert Brogden's Olathe Buick GMC, Inc.*, No. 17-2095, 2019 WL 6715470, at *6 (D. Kan. Dec. 10, 2019) ("When considering the sixth *Johnson* factor, courts ask whether plaintiffs agreed to a fixed or contingent fee because the percentage of the recovery agreed helps illuminate the attorneys' fee expectations when counsel accepted the case, even though such arrangements should not determine the court's decision.") (citation omitted); *Barbosa v. Nat'l Beef Packing Co., LLC*, No. 12-CV- 2311, 2015 WL 4920292, at *11 (D. Kan. Aug. 18, 2015) ("[T]he customary fee award is typically a percentage of the fund.") (citations omitted). Further, Plaintiffs do not object to their counsel's requested fee. The 33.33% fee should also be found to be reasonable as set forth above. *See supra*, at 8-9.

Moreover, as stated above, Plaintiffs' counsel was able to obtain a favorable settlement

---

[4] If the Court thinks it would be beneficial, Plaintiffs' counsel would be pleased to provide additional information for the Court's consideration, including their Firm's Resume, Biographical information concerning their Firm's personnel, and information concerning their Firm's hourly rates and time entries.

that was significantly greater than what Defendants' valued their damages to be. *See supra*, at 4-7. It is also greater than what Plaintiffs would have received in the *Burton* settlement which was approved by a separate court. Accordingly, the fourth, fifth, eighth, and twelfth *Johnson* factors favor approval of the requested fees.

### D.  The Tenth Johnson Factor.

This action should be considered "undesirable" as it was a taken on a contingency fee basis and there was a competing collective action pending in the Western District of Texas when Plaintiffs' filed the complaint. *See Burton*, 7:17-CV-00204. Had *Burton* settled on behalf of all QCMs, including non-opt-ins, *which it did*, the value of Plaintiffs' case would markedly decrease as their individual estimated owed wages are only $48,768.21. Again, it is also a misclassification case that carries unique difficulties in proving. By consequence, it is reasonable to conclude that this case is undesirable as there were significant monetary and factual risks in commencing it and the Court should find the tenth *Johnson* factor to favor approval of the requested fees.

### E.  The Eleventh Johnson Factor.

Although this factor has been held by courts to be immaterial, Plaintiffs' counsel has represented Plaintiffs for over eighteen (18) months and has built a meaningful professional relationship with them. *See Foster*, 2019 WL 6715470 at *6 ("'[T]he meaning of this factor . . . and its effect on the calculation of a reasonable fee has always been unclear, and courts applying the *Johnson* factors typically state that this particular standard is irrelevant or immaterial.'") (quoting *Barbosa*, 2015 WL 4920292, at *12). Accordingly, this factor should favor approval of the requested fees or be neutral.

F.   The Fourth and Seventh Johnson Factors.

In terms of the fourth and seventh *Johnson* factors, *i.e.*, (4) preclusion of other employment by the attorneys due to acceptance of the case and (7) any time limitations imposed by the client or circumstances, neither is met here nor is it necessary that such factors be met in order for the instant settlement to be approved.  Indeed, thankfully, Plaintiffs' counsel has not had to preclude employment due the acceptance of this case or had any time limitations imposed by the client or circumstance. However, "rarely are all of the . . . *Johnson* factors [are] applicable" to the Court's fairness analysis. *Brown v. Phillips Petroleum Co.*, 838 F.2d 451 (10th Cir.), *cert. denied,* 488 U.S. 822 (1988); *see Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 854 (10th Cir.1993) (recognizing the court need not consider every single . . . *Johnson* factor); *see also Foster*, 2019 WL 6715470, at *6 (holding that the seventh factor is neutral when there is no time limitations imposed). Therefore, despite Plaintiffs' counsel not satisfying all of the *Johnson* factors, the Court should still find Plaintiffs' counsel's fees and expenses to be reasonable.

## CONCLUSION

Wherefore, Plaintiffs respectfully request that the Court approve the Parties' proposed settlement agreement and Plaintiffs' counsel's fees and expenses.

Dated:          April 23, 2020

Respectfully submitted,

*/s/ Alexander M. White*
James A. Vagnini
(*admitted pro hac vice*)
Robert R. Barravecchio
(*admitted pro hac vice*)
Alexander M. White
(*admitted pro hac vice*)
**Valli Kane & Vagnini LLP**
600 Old Country Road, Suite 519

Garden City, New York 11530
T: (516) 203-7180
F: (516) 706-0248

April Hollingsworth
**Hollingsworth Law Office, LLC**
1881 South 1100
East Salt Lake City, Utah 84105
T: (801) 415-9909
F: (801) 303-7324

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I certify that on April 23, 2020, a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's ECF system.


/s/ *Alexander M. White*
Alexander M. White

# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND FULL RELEASE

This Confidential Settlement Agreement and Full Release ("Agreement") is entered into by and between **Rickey Hunter, Marcos Meza, Kenneth Noles, Brent Riley, and Steven Standridge on the one hand** (collectively, the "Plaintiffs"), and on the other hand, **Agility Energy Inc. and Dillon Ping** ("Defendants") (collectively, the "Parties").

## RECITALS

WHEREAS, Plaintiffs were former Quality Control Managers of Agility Energy Inc.;

WHEREAS, Plaintiffs filed a lawsuit, *individually and on behalf of all others similarly situated* styled *Rickey Hunter, et al. v. Agility Energy Inc., et al.*; Case No. 2:18-CV-00618; in the United States District of Utah, Central Division (the "Lawsuit"), asserting claims for alleged unpaid wages, overtime compensation, and retaliation against Defendants, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA");

WHEREAS, All Plaintiffs and Defendants desire to resolve fully and finally all issues and potential issues between them, related to or arising from Plaintiffs' employment relationship with Agility Energy Inc., including but not limited to the claims asserted in the Lawsuit, claims made before any state agency, or claims otherwise related to and/or concerning Agility Energy Inc. and its past or present owners, officers, employees, agents, and representatives, from the beginning of time to the Effective Date of this Agreement (as hereinafter defined); and

NOW, THEREFORE, in exchange for the mutual covenants and consideration recited herein, and intending to be legally bound, Plaintiffs and Defendants agree to settle the bona fide dispute in this Lawsuit as follows:

## TERMS OF SETTLEMENT

1.    **Non-admission of Liability.**  This Agreement shall not be construed in any way as an admission by Defendants of any liability or responsibility whatsoever, or as an admission by Defendants of any wrongdoing or violation of the law whatsoever against each of the Plaintiffs.

2.    **Settlement Payments.** As set forth below, in consideration of Plaintiffs' promises and obligations herein and subject to the Court's approval of this Agreement, Agility Energy Inc. shall pay a total sum amount of Fifty-Two Thousand Five Hundred Dollars and 00/100 ($52,500.00) and nothing else to Plaintiffs and their attorneys (the "Settlement Payments"):

a.    <u>Amount to Plaintiffs</u>**:** Each Plaintiff shall receive the amounts designated in **Exhibit A** as their respective portions of the Settlement Payments;

b.    <u>Timing of Settlement Payments</u>**:** Within ninety (90) days of the Effective Date of this Agreement, Defendants agree to pay Plaintiffs the total gross amount of Fifty-Two Thousand Five Hundred Dollars and 00/100 ($52,500.00) inclusive of any and all fees and costs by delivering payments to Plaintiffs' Counsel Valli Kane &

Vagnini LLP, 600 Old Country Road, Suite 519, Garden City, New York 11530, in three (3) installments as follows:

i.  <u>First Settlement Payment:</u> Within thirty (30) days of Plaintiffs' providing an executed copy of the Agreement following court approval of the settlement, Defendants shall make the following payments: (i) a check payable to Rickey Hunter in the amount of Two Thousand Forty-Seven 62/100 Dollars ($2,047.62) reportable on IRS Form 1099; (ii) a check payable to Marcos Meza in the amount of Two Thousand Five Hundred Four 25/100 Dollars ($2,504.25) reportable on IRS Form 1099; (iii) a check payable to Kenneth Noles in the amount of Four Hundred Forty-Eight 57/100 Dollars ($448.57) reportable on IRS Form 1099; (iv) a check payable to Brent Riley in the amount of Five Hundred Seventy-Two 08/100 Dollars ($572.08) reportable on IRS Form 1099; (v) a check payable to Steven Standridge in the amount of Eight Hundred Fifty-Nine 24/100 Dollars ($859.24) reportable on IRS Form 1099; and (iv) one check payable to Valli Kane & Vagnini LLP in the amount of Three Thousand Five Hundred Twenty-Eight 24/100 Dollars ($3,528.24) representing Plaintiffs' attorneys' fees and costs as counsel to Plaintiffs in this matter.

ii.  <u>Second Settlement Payment:</u> Within thirty (30) days of Plaintiffs' providing an executed copy of the Agreement following court approval of the settlement, Defendants shall make the following payments: (i) a check payable to Rickey Hunter in the amount of Two Thousand Forty-Seven 62/100 Dollars ($2,047.62) reportable on IRS Form 1099; (ii) a check payable to Marcos Meza in the amount of Two Thousand Five Hundred Four 25/100 Dollars ($2,504.25) reportable on IRS Form 1099; (iii) a check payable to Kenneth Noles in the amount of Four Hundred Forty-Eight 57/100 Dollars ($448.57) reportable on IRS Form 1099; (iv) a check payable to Brent Riley in the amount of Five Hundred Seventy-Two 8/100 Dollars ($572.08) reportable on IRS Form 1099; (v) a check payable to Steven Standridge in the amount of Eight Hundred Fifty-Nine 24/100 Dollars ($859.24) reportable on IRS Form 1099; and (iv) one check payable to Valli Kane & Vagnini LLP in the amount of Three Thousand Five Hundred Twenty-Eight 24/100 Dollars ($3,528.24) representing Plaintiffs' attorneys' fees and costs as counsel to Plaintiffs in this matter.

iii.  <u>Third Settlement Payment:</u> <u>Second Settlement Payment:</u> Within Ninety (90) days of Plaintiffs' providing an executed copy of the Agreement following court approval of the settlement, Defendants shall make the following payments: (i) a check payable to Rickey Hunter in the amount of Six Thousand Six Hundred Fifty-Four 76/100 Dollars ($6,654.76) less applicable deductions and withholdings, reportable on IRS Form W-2; (ii) a check payable to Marcos Meza in the amount of Eight Thousand One Hundred Thirty-Eight 81/100 Dollars ($8,138.81) less applicable deductions and withholdings, reportable on IRS Form W-2; (iii) a check

payable to Kenneth Noles in the amount of One Thousand Five Hundred Eighty-Seven 87/100 Dollars ($1,587.87) less applicable deductions and withholdings, reportable on IRS Form W-2; (iv) a check payable to Brent Riley in the amount of One Thousand Eight Hundred Fifty-Nine 26/100 ($1,859.26) less applicable deductions and withholdings, reportable on IRS Form W-2; (v) a check payable to Steven Standridge in the amount of Two Thousand Ninety-Two 92/100 ($2,792.53) less applicable deductions and withholdings, reportable on IRS Form W-2; and (iv) one check payable to Valli Kane & Vagnini LLP in the amount of Eleven Thousand Four Hundred Sixty-Six 77/100 Dollars ($11,466.77) representing Plaintiffs' attorneys' fees and costs as counsel to Plaintiffs in this matter.

3.  **Release by Plaintiffs.**  In return for the considerations set forth herein, Plaintiffs each hereby release and discharge Defendants Dillon Ping, Agility Energy Inc., and all of its past or present owners (including but not limited to Perry Taylor, Todd Hansen, Jessica Hansen, and Heather Stewart), partners, officers, directors, supervisors, employees, servants, agents, representatives, attorneys, insurers, affiliates, successors, predecessors, affiliated entities, and all other persons acting under, by, or in concert with any of them (collectively referred to as "Released Parties") from each and every right, claim, debt, and cause of action whatsoever, asserted against Defendants by Plaintiffs in the Lawsuit. This release solely includes wage-related claims asserted by Plaintiffs and retaliation claims asserted by Plaintiff Hunter under state or federal law arising during employment with or by the Defendants pursuant to the Fair Labor Standards Act, the Texas Labor Code, the Utah Payment of Wages Act, and the Utah Minimum Wage Act.

4.  **Non-Disclosure.**  Plaintiffs agree not to discuss, disclose, or publicize the negotiations leading to this Agreement including the amounts of the Settlement Payments, to any individual, including making comments or statements on any social media websites, online forums, or any other internet sites. Notwithstanding the above, Plaintiffs may disclose this Agreement, and, upon disclosing the duty of confidentiality herein and receiving assurance that the recipient agrees to be bound thereby, to their immediate family member and to tax advisors, accountants, financial planners, and for purposes of securing court approval of the Agreement.

5.  **Knowing and Voluntary Waiver.**  Plaintiffs represent and agree that they have carefully read all of the provisions of this Agreement and they have been advised to and have had the opportunity to consult with their attorneys prior to the execution of this Agreement.  Each of the Plaintiffs understand that each are releasing and waiving claims in exchange for the consideration recited in this Agreement. Plaintiffs enter into this Agreement voluntarily and with the full and complete understanding of its terms. Each of the Plaintiffs understand that each are not waiving any rights or claims that they may have that arise after the Effective Date of this Agreement.

6.  **Severance of Employment Relations.**  Plaintiffs represent that they have no desire to and agree that they will not seek employment with Agility Energy Inc. at any time in the future. Because they have no desire to pursue re-employment with Agility Energy Inc., Plaintiffs agree that, for the Settlement Payments recited herein, Agility Energy Inc. shall have the absolute right to refuse to employ them as an employee or to contract with them in any other capacity, without

recourse by Plaintiffs.  This paragraph does not require Plaintiffs to resign their employment with any entity that subsequently becomes acquired by or affiliated with Defendants.

7.    **Withdrawal of Other Filings and Dismissal of the Lawsuit.**  Plaintiffs represent and warrant that they have not brought any other administrative complaint against Defendants.  To the extent Plaintiffs have initiated any other administrative complaint procedure advancing any claim against Defendants, the Released Parties, and/or any of them, Plaintiffs agree to withdraw all such claims, if any, and to request that the agencies involved close their files. To the extent Plaintiffs have initiated any other claims or complaints against Defendants, Plaintiffs agree to withdraw such claims or complaints. Plaintiffs further agree that a violation of this Paragraph would be a material breach of this Agreement. However, nothing in this Agreement will be construed to prevent Plaintiffs from participating or testifying in any investigation conducted by any state or federal agency or from making any disclosures protected by applicable laws. Plaintiffs also agree that within (14) days of receipt of the final settlement payments, Plaintiffs will file an Agreed Motion and/or Joint Stipulation of Dismissal dismissing any and all claims in the Lawsuit with prejudice, with each party bearing their own costs and attorneys' fees incurred.

8.    **No Additional Attorneys' Fees or Costs**.  Plaintiffs and Defendants agree that, other than as set forth in Paragraph 2 of this Agreement, each party shall be responsible for their own attorneys' fees, and neither party shall be required to pay any attorneys' fees or costs of any kind incurred by the other party through the Effective Date of this Agreement.

9.    **Tax Responsibility.**  It is further expressly understood and agreed that, notwithstanding any of the terms or conditions set forth herein, Plaintiffs shall bear sole responsibility and liability for any taxes or tax consequences arising from, or relating to, their failure to pay their respective taxable portion of Settlement Payment amounts received under Paragraph 2 of this Agreement, whether matured or unmatured.  Plaintiffs agree to pay applicable federal or state taxes, if any, which are required by law to be paid by Plaintiffs with respect to amounts received by each under Paragraph 2 of this Agreement.  Plaintiffs, their heirs, executors, personal representatives, administrators, successors, assigns, and attorneys-in-fact further agree to indemnify, defend, and hold harmless Defendants from and against any and all claims, demands, taxes, levies, interests, penalties, liabilities, costs, reasonable attorneys' fees, judgments, or recoveries by any governmental entity against Defendants that may be due or assessed upon each portion of the Settlement Payment amounts received under Paragraph 2 of this Agreement. Defendants assert that it fully compensated Plaintiffs during their employment with Agility. Accordingly, the entire amount of each Settlement Payment shall be treated as non-wage penalties and liquidated damages, to be reported on an IRS Form 1099 in the amounts set forth on Exhibit A hereto and shall not be subject to FICA and FUTA withholding taxes.

10.    **No Representations**. Plaintiffs acknowledge that except as expressly set forth herein, no representations of any kind or character have been made to them by Defendants or by any of Defendants' agents, representatives, or attorneys to induce the execution of this Agreement. Plaintiffs represent and warrant that they are currently competent and have authority to sign this Agreement.

11.    **Full and Independent Knowledge.**  **Plaintiffs represent and agree that they have carefully read all of the provisions of this Agreement and have had the opportunity to consult with their counsel; that they fully understand its final and binding effect; and that the only promises and representations made to them to sign this Agreement are those stated herein.**

12.    **Warranties and Indemnification by Plaintiffs.**  Plaintiffs represent and warrant that they have not assigned, transferred, or otherwise encumbered, or purported to assign, transfer, or encumber to any person or entity, any claim or any portion thereof or interest therein, related in any way to Defendants or the Released Parties, except as to a contingent interest, if any, to their attorneys for claims in the Lawsuit, which is released herein.  Plaintiffs agree to indemnify, defend, and hold harmless each and all of Defendants and the Released Parties against any and all claims based upon, arising out of, or in connection with any such transfer or assignment, or purported transfer or assignment, or any other such claims or encumbrances, if any, against the Settlement Payments herein.

13.    **Entire Agreement.**  This Agreement sets forth the entire agreement and understanding between Plaintiffs and Defendants and supersedes all prior agreements and understandings, whether verbal or in writing, between Plaintiffs and Defendants concerning the subject matter herein and the claims asserted in this Lawsuit. Should any provision of this Agreement be declared or determined to be invalid, the validity of the remaining terms or provisions shall not be affected thereby, and the invalid part, term, or provision shall be reformed or be deemed not to be a part of this Agreement.  However, should any action be taken to invalidate all or any part of the release agreed to herein by Plaintiffs, the entire Agreement shall be null and void.

14.    **Amendments in Writing**. This Agreement may not be changed unless the change is in writing and signed by both parties.  This Agreement may be executed in any number of counterparts, all of which, taken together, shall constitute one and the same instrument.  All Parties hereto agree to accept a scanned image of the executed signature page from this Agreement delivered via e-mail as a true and correct copy to effectuate the terms of this Agreement.

15.    **Law and Venue**. This Agreement is made and entered into in the State of Utah, and shall be interpreted, enforced, and governed under the laws of that state without regard to the conflict of laws. The Parties agree that venue for any dispute arising under this Agreement or between Plaintiffs and Defendants pertaining to this Agreement shall be in the federal district court of Utah.

16.    **Successors**.  This Agreement shall be binding upon Plaintiffs' heirs, representatives, executors, administrators, successors, and assigns, and shall inure to the benefit of each and all of the Released Parties, and to their heirs, representatives, successors, administrators, and assigns.

17.    **Effective Date**.  This Agreement shall be effective after each Plaintiff signs and the Court approves this Agreement (the "Effective Date").

Date of Signature: _____

_____
**RICKEY HUNTER, Individually**

Date of Signature: _____

_____
**MARCOS MEZA, Individually**

Date of Signature: _____

_____
**KENNETH NOLES, Individually**

Date of Signature: _____

_____
**BRENT RILEY, Individually**

Date of Signature: _____

_____
**STEVEN STANDRIDGE, Individually**


**AGILITY ENERGY, INC.**


Date of Signature: _____

By: _____

Its: _____


Date of Signature: _____

_____
**DILLON PING, Individually**

## EXHIBIT A

| Plaintiff | Settlement Amount |
|---|---|
| Rickey Hunter | First Payment: $2,047.62<br>Second Payment: $2,047.62<br>Third Payment: $6,654.76<br>**Total Payment:** $10,749.99 |
| Kenneth Noles | First Payment: $448.57<br>Second Payment: $448.57<br>Third Payment: $1,587.87<br>**Total Payment:** $2,565.02 |
| Marcos Meza | First Payment: $2,504.25<br>Second Payment: $2,504.25<br>Third Payment: $8,138.81<br>**Total Payment:** $13,147.31 |
| Brent Riley | First Payment: $572.08<br>Second Payment: $572.08<br>Third Payment: $1,859.26<br>**Total Payment:** $3,003.42 |
| Steven Standridge | First Payment: $859.24<br>Second Payment: $859.24<br>Third Payment: $2,792.53<br>**Total Payment:** $4,511.01 |
| **TOTAL** | **$33,976.75** |
| | |
| **Plaintiffs' Attorney** | **Amount (Attorneys' Fees)** |
| Valli Kane & Vagnini LLP | First Payment: $3,528.24<br>Second Payment: $3,528.24<br>Third Payment: $11,466.77<br>**Total Payment:** $18,523.25 |
| **GRAND TOTAL (Settlement Amount plus Attorneys' Fees)** | **$52,500.00** |

# EXHIBIT B

| EXPENSE | STATUS | DATE ↓ | PRICE | MATTER | BILLED BY | TOTAL | QTY |
|---|---|---|---|---|---|---|---|
| Legal Research<br>Research | BILLABLE | 8/1/2019 | $7.51 | Hunter v. Agility Energy, Inc. | AMW | $7.51 | 1 |
| Legal Research<br>Research | BILLABLE | 7/26/2019 | $242.64 | Hunter v. Agility Energy, Inc. | AMW | $242.64 | 1 |
| Legal Research<br>Research | BILLABLE | 6/26/2019 | $70.87 | Hunter v. Agility Energy, Inc. | AMW | $70.87 | 1 |
| Legal Research<br>Research | BILLABLE | 5/30/2019 | $50.99 | Hunter v. Agility Energy, Inc. | AMW | $50.99 | 1 |
| Legal Research<br>Legal Research | BILLABLE | 1/17/2019 | $7.89 | Hunter v. Agility Energy, Inc. | RRB | $7.89 | 1 |
| Legal Research<br>Legal Research | BILLABLE | 1/17/2019 | $16.08 | Hunter v. Agility Energy, Inc. | I | $16.08 | 1 |
| Legal Research | BILLABLE | 11/28/2018 | $90.78 | Hunter v. Agility Energy, Inc. | I | $90.78 | 1 |
| Legal Research<br>Research | BILLABLE | 11/2/2018 | $68.17 | Hunter v. Agility Energy, Inc. | AMW | $68.17 | 1 |
| Legal Research<br>Research | BILLABLE | 10/23/2018 | $35.24 | Hunter v. Agility Energy, Inc. | I | $35.24 | 1 |
| Copying<br>33 copies at $0.25 | BILLABLE | 9/26/2018 | $8.25 | Hunter v. Agility Energy, Inc. | MAG | $8.25 | 1 |

| EXPENSE | STATUS | DATE ↓ | PRICE | MATTER | BILLED BY | TOTAL | QTY |
|---|---|---|---|---|---|---|---|
| Copying<br>15 copies @ $0.25 per copy | BILLABLE | 8/27/2018 | $3.75 | Hunter v. Agility Energy, Inc. | MAG | $3.75 | 1 |
| Legal Research | BILLABLE | 6/1/2018 | $424.93 | Hunter v. Agility Energy, Inc. | AMW | $424.93 | 1 |
| | | | | | | $1,027.10 USD | |

# EXHIBIT C

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|------|--------|------|------|--------|-------|-----------|--------|
| ▶ Manage data/files<br>copied documents from clt's email to file folder | BILLABLE | 5/17/2018 | 0.17 | $100.00 | $17.00 | LA | Hunter v. Agility Energy, Inc. |
| ▶ Filing<br>assisted AW w/filing | BILLABLE | 1/9/2019 | 0.33 | $100.00 | $33.00 | LA | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>drafted, finalized ret agmts for 4 clients; sent via DocuSign | BILLABLE | 5/22/2019 | 1 | $100.00 | $100.00 | LA | Hunter v. Agility Energy, Inc. |
| ▶ Letter<br>Letter to Judge T. Stewart w/courtesy copies of docs | BILLABLE | 8/5/2019 | 0.17 | $100.00 | $17.00 | LA | Hunter v. Agility Energy, Inc. |
| ▶ Miscellaneous<br>calendared deadlines for matter re: Order dtd 12/19/19 | BILLABLE | 1/6/2020 | 0.17 | $100.00 | $17.00 | LA | Hunter v. Agility Energy, Inc. |
| ▶ Filing<br>Filing of Atty Planning Meeting Report w/Proposed Order | BILLABLE | 1/23/2020 | 0.17 | $100.00 | $17.00 | LA | Hunter v. Agility Energy, Inc. |
| ▶ Miscellaneous<br>calendared future deadlines and dates for discovery, motion, pre-trial conf and trial | BILLABLE | 1/24/2020 | 0.17 | $100.00 | $17.00 | LA | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|---|---|---|---|---|---|---|---|
| ▶ Finalize<br>Finalize the proposed order and email it to the Court. | BILLABLE | 1/23/2020 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email OC regarding settlement | BILLABLE | 11/20/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email OC for an update | BILLABLE | 12/3/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Draft attorney planning meeting and proposed order | BILLABLE | 12/20/2019 | 1.17 | $200.00 | $234.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Telephone call<br>Telephone call with clients to discuss demand | BILLABLE | 1/22/2020 | 0.83 | $200.00 | $166.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Telephone call<br>Telephone call with clients to discuss offer. | BILLABLE | 1/22/2020 | 0.83 | $200.00 | $166.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email OC regarding APMR. | BILLABLE | 1/22/2020 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Time<br>review Defendant's MTDs | BILLABLE | 1/14/2019 | 0.5 | $200.00 | $100.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|---|---|---|---|---|---|---|---|
| ▶ Draft/revise<br>Draft attorney planning meeting report | BILLABLE | 1/14/2019 | 1.17 | $200.00 | $234.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Review/analyze<br>Review Defendant Motion To Stay conditional cert. motion | BILLABLE | 1/15/2019 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Telephone call<br>Telephone call with RB and OC to discuss case management plan. | BILLABLE | 1/14/2020 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Meeting<br>Meeting with RB discuss case management plan. | BILLABLE | 1/14/2020 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Telephone call<br>Telephone call with client to provide an update. | BILLABLE | 1/7/2020 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email OC regarding attorney planning meeting report. | BILLABLE | 1/8/2020 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email OC regarding conference call | BILLABLE | 1/9/2020 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|------|--------|------|------|--------|-------|-----------|--------|
| **Email** Email Standridge regarding an update. | BILLABLE | 1/9/2020 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Miscellaneous** Calculate clients' actual damages | BILLABLE | 5/15/2019 | 3.33 | $200.00 | $666.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Telephone call** Telephone call with clients regarding an update on amended complaint | BILLABLE | 5/21/2019 | 0.5 | $200.00 | $100.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Research** research whether denial of conditional cert dismisses opt-in plaintiffs from the case. | BILLABLE | 5/21/2019 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Discussion** Discuss amended complaint with RB | BILLABLE | 5/22/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Discussion** Discuss sending of retainer to opt-ins with LA | BILLABLE | 5/22/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Review** Review retainer agreement to opt-ins | BILLABLE | 5/22/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|------|--------|------|------|--------|-------|-----------|--------|
| ▶ **Email** <br> Email CC to provide an update. | BILLABLE | 1/29/2020 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ **Draft/revise** <br> Draft IDs | BILLABLE | 1/31/2020 | 1.5 | $200.00 | $300.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ **Email** <br> Serve IDs | BILLABLE | 1/31/2020 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ **Discussion** <br> Discussion with RB regarding IDs. | BILLABLE | 1/31/2020 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ **Draft/revise** <br> Draft final settlement calculations. | BILLABLE | 2/12/2020 | 0.5 | $200.00 | $100.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ **Telephone call** <br> Telephone call with R. Hunter to discuss settlement. | BILLABLE | 2/12/2020 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ **Email** <br> Email RB regarding settlement. | BILLABLE | 2/12/2020 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ **Telephone call** <br> Telephone call with clients regarding settlement. | BILLABLE | 2/18/2020 | 0.5 | $200.00 | $100.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|---|---|---|---|---|---|---|---|
| ▶ Revise<br>Revise settlement chart. | BILLABLE | 2/18/2020 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Draft Motion for Settlement Approval | BILLABLE | 2/21/2020 | 2.33 | $200.00 | $466.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email A. Hollingsworth regarding time. | BILLABLE | 2/21/2020 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Draft motion for settlement approval. | BILLABLE | 3/3/2020 | 5 | $200.00 | $1,000.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email K. Noles regarding settlement. | BILLABLE | 2/27/2020 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Discussion<br>Discussion with RB regarding settlement. | BILLABLE | 1/27/2020 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Revise<br>Revise motion for settlement approval | BILLABLE | 3/4/2020 | 0.67 | $200.00 | $134.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Revise<br>Revise settlement agreement. | BILLABLE | 3/4/2020 | 0.67 | $200.00 | $134.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|------|--------|------|------|--------|-------|-----------|--------|
| ▶ Revise<br>Revise motion for settlement approval | BILLABLE | 3/5/2020 | 0.5 | $200.00 | $100.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Telephone call<br>Telephone call with K. Noles to discuss settlement. | BILLABLE | 3/9/2020 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Revise<br>Revise motion for settlement approval. | BILLABLE | 3/9/2020 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email A. Hollingsworth the motion for settlement approval to review. | BILLABLE | 3/9/2020 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Discussion<br>Discussion with SK regarding Complaint and Conditional Cert motion | BILLABLE | 5/23/2018 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Revise<br>Revise conditional Cert motion. | BILLABLE | 12/5/2018 | 0.5 | $200.00 | $100.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email S. Standridge regarding declaration for conditional cert motion | BILLABLE | 12/6/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE | TOTAL | BILLED BY | MATTER |
|------|--------|------|------|------|-------|-----------|--------|
| **Email** Email CC conditional cert motion to review | BILLABLE | 1/4/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Finalize** Finalize Attorney declaration for conditional cert motion | BILLABLE | 1/4/2019 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Finalize** Finalize motion for conditional cert. and file with the court. | BILLABLE | 1/9/2019 | 1.5 | $200.00 | $300.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Draft/revise** Draft proposed order for conditional certification motion | BILLABLE | 1/9/2019 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Draft/revise** Draft Opposition to Defendant's motion to dismiss collective claims | BILLABLE | 1/17/2019 | 3.33 | $200.00 | $666.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Discussion** Discussion with RB and SK regarding Defendants' motion to stay and motion to dismiss. | BILLABLE | 1/17/2019 | 0.67 | $200.00 | $134.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Telephone call** Telephone call with OC to discuss settlement | BILLABLE | 1/18/2019 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|---|---|---|---|---|---|---|---|
| ▶ Telephone call <br> Telephone call with OC to discuss settlement | BILLABLE | 1/22/2019 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise <br> Motion to stay proceedings | BILLABLE | 1/23/2019 | 0.83 | $200.00 | $166.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Telephone call <br> Telephone call with client to provide an update of the status of the case | BILLABLE | 1/29/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Telephone call <br> Telephone call with OC to discuss settlement | BILLABLE | 2/26/2019 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Discussion <br> Discuss possible settlement with JV and SK | BILLABLE | 2/27/2019 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email <br> Email OC regarding extension | BILLABLE | 3/5/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Discussion <br> Discuss status of the case with RB | BILLABLE | 3/5/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Revise <br> Revise second motion to stay all proceedings and email it to CC and OC | BILLABLE | 3/6/2019 | 0.67 | $200.00 | $134.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|---|---|---|---|---|---|---|---|
| ▶ Email<br>Email OC regarding second stay of proceedings | BILLABLE | 3/8/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Discussion<br>Discussion with LA regarding filing of the stay of proceedings | BILLABLE | 3/8/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Discussion<br>Discussion with RB regarding settlement offer | BILLABLE | 4/2/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Telephone call<br>Telephone call with OC regarding demand | BILLABLE | 4/4/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Telephone call<br>Telephone call with clients regarding demand | BILLABLE | 4/4/2019 | 0.5 | $200.00 | $100.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Telephone call<br>Telephone call with B. Riley to discuss the demand amount. | BILLABLE | 4/9/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Telephone call<br>Telephone call with OC regarding settlement | BILLABLE | 4/17/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|------|--------|------|------|--------|-------|-----------|--------|
| ▶ Email<br>Email OC motion to extend deadlines | BILLABLE | 4/18/2019 | 0.5 | $200.00 | $100.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email CC motion to extend deadlines | BILLABLE | 4/18/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Email third motion to extend deadlines | BILLABLE | 4/18/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email judge the proposed order for the third motion to stay proceedings | BILLABLE | 4/19/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Review<br>Review 3rd stay order. | BILLABLE | 4/22/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Telephone call<br>Telephone call with B. Riley to discuss settlement | BILLABLE | 5/9/2019 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email RB regarding settlement offer | BILLABLE | 5/9/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email RB re: settlement | BILLABLE | 5/9/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|---|---|---|---|---|---|---|---|
| ▶ Telephone call<br>Telephone call with B. Riley to discuss settlemet | BILLABLE | 5/9/2019 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Discussion<br>Discussion settlement with RB | BILLABLE | 5/13/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email SK regarding possible res judicata effect on plaintiffs not opting into Burton actions | BILLABLE | 5/23/2019 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Amended Complaint | BILLABLE | 5/24/2019 | 2.5 | $200.00 | $500.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Revise Amended Complaint | BILLABLE | 5/29/2019 | 0.5 | $200.00 | $100.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email amended complaint to RB | BILLABLE | 5/29/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Discussion<br>Discuss 59k demand with RB | BILLABLE | 6/3/2019 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Telephone call<br>Telephone call with clients to discuss the demand | BILLABLE | 6/3/2019 | 0.83 | $200.00 | $166.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|---|---|---|---|---|---|---|---|
| **Draft/revise** <br> Draft email of demand calculations | BILLABLE | 6/5/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Email** <br> Email RB regarding demand | BILLABLE | 6/7/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Revise** <br> Revise Amended Complaint | BILLABLE | 6/12/2019 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Revise** <br> Revise Amended Complaint | BILLABLE | 6/14/2019 | 0.5 | $200.00 | $100.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Legal Research** <br> Research FWW and bonuses issued for working in excess of scheduled shift | BILLABLE | 6/18/2019 | 1.5 | $200.00 | $300.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Miscellaneous** <br> Calculate damages based upon non FWW | BILLABLE | 6/18/2019 | 1.83 | $200.00 | $366.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Revise** <br> Revise amended complaint | BILLABLE | 6/20/2019 | 0.5 | $200.00 | $100.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Discussion** <br> Discuss damages with RB and research how to get a plaintiff's hourly rate when paid salary. | BILLABLE | 6/20/2019 | 0.5 | $200.00 | $100.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|------|--------|------|------|--------|--------|-----------|--------|
| **Email** <br> Email CC to set up time to discuss status update | BILLABLE | 6/20/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Revise** <br> Revise Amended Complaint | BILLABLE | 6/21/2019 | 0.5 | $200.00 | $100.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Telephone call** <br> Telephone call with OC to discuss damages | BILLABLE | 6/24/2019 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Email** <br> Email OC regarding FWW as applied to clients' damages | BILLABLE | 6/24/2019 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Finalize** <br> Finalize first amended complaint for filing. | BILLABLE | 6/27/2019 | 2.5 | $200.00 | $500.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Discussion** <br> Discussion with RB regarding settlement offer | BILLABLE | 7/1/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Research** <br> Research whether filing amended complaint moots cert. motion | BILLABLE | 7/2/2019 | 1.17 | $200.00 | $234.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Draft/revise** <br> Draft MTD Collective allegations Oppo | BILLABLE | 7/11/2019 | 5.33 | $200.00 | $1,066.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|---|---|---|---|---|---|---|---|
| ▶ Draft/revise<br>Draft MTD Collective allegations Oppo | BILLABLE | 7/12/2019 | 3.83 | $200.00 | $766.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Review<br>Review MTD Collective Claims Oppo | BILLABLE | 7/14/2019 | 0.5 | $200.00 | $100.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Draft MTD individual defendants opposition. | BILLABLE | 7/17/2019 | 1.17 | $200.00 | $234.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Draft MTD collective claims opposition. | BILLABLE | 7/17/2019 | 0.5 | $200.00 | $100.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Draft MTD individual defendants opposition. | BILLABLE | 7/16/2019 | 3.5 | $200.00 | $700.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Draft MTD collective claims opposition. | BILLABLE | 7/16/2019 | 0.5 | $200.00 | $100.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Draft MTD individual defendants oppo | BILLABLE | 7/15/2019 | 7.17 | $200.00 | $1,434.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Time<br>Draft MTD collective claims opposition. | BILLABLE | 7/15/2019 | 0.83 | $200.00 | $166.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|------|--------|------|------|------|-------|-----------|--------|
| ▶ Draft/revise<br>Draft Opp. to Motion to Dismiss Collective claims | BILLABLE | 7/22/2019 | 2.67 | $200.00 | $534.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Draft opposition to MTD individual defendants | BILLABLE | 7/23/2019 | 6.33 | $200.00 | $1,266.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Revise<br>Revise opposition to MTD individual defendants | BILLABLE | 7/25/2019 | 2.83 | $200.00 | $566.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Draft opposition to MTD individual defendants | BILLABLE | 7/24/2019 | 4.17 | $200.00 | $834.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Draft Plaintiffs' ROGs | BILLABLE | 7/26/2019 | 0.67 | $200.00 | $134.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Draft Plaintiffs' RFPs | BILLABLE | 7/26/2019 | 1.17 | $200.00 | $234.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Draft Plaintiffs' RFAs | BILLABLE | 7/26/2019 | 1.67 | $200.00 | $334.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Revise<br>Revise MTDs oppositions. | BILLABLE | 7/29/2019 | 0.67 | $200.00 | $134.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Revise<br>Revise MTD oppositions. | BILLABLE | 7/30/2019 | 0.67 | $200.00 | $134.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|------|--------|------|------|--------|-------|-----------|--------|
| **Revise** <br> Revise MTDs oppositions. | BILLABLE | 8/1/2019 | 1.17 | $200.00 | $234.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Revise** <br> Revise Oppositions to MTDs | BILLABLE | 8/2/2019 | 0.83 | $200.00 | $166.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Finalize** <br> Finalize oppositions to MTDs | BILLABLE | 8/5/2019 | 1.37 | $200.00 | $274.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Review** <br> Review Replys for MTD | BILLABLE | 8/16/2019 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Email** <br> Email OC requesting an update on the status of the negotiations. | BILLABLE | 11/8/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Meeting** <br> Firm case status meeting. | BILLABLE | 11/8/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Review** <br> Review Decisions on MTDs | BILLABLE | 11/18/2019 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Discussion** <br> Discuss decisions on MTDs with RB | BILLABLE | 11/18/2019 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|------|--------|------|------|--------|-------|-----------|--------|
| **Research** Research multiple pending collective actions | BILLABLE | 5/17/2018 | 0.5 | $200.00 | $100.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Telephone call** 3 Intake Opt-Ins | BILLABLE | 5/17/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Review/analyze** review Burton v. Agility Conditional Cert. Motion | BILLABLE | 5/17/2018 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Discussion** Discussion facts of case with JV and RV | BILLABLE | 5/17/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Meeting** meeting with partners regarding status of complaint | BILLABLE | 5/18/2018 | 0.5 | $200.00 | $100.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Draft/revise** draft case status slide for VKV meeting | BILLABLE | 5/18/2018 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Draft/revise** Revise complaint to change jurisdiction from Texas to Utah | BILLABLE | 5/18/2018 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Legal Research** Research for Conditional Cert. Motion | BILLABLE | 5/21/2018 | 2.67 | $200.00 | $534.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|------|--------|------|------|--------|-------|-----------|--------|
| ▶ Draft/revise<br>draft conditional cert motion & notice | BILLABLE | 5/21/2018 | 2.17 | $200.00 | $434.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Draft Hunter's Conditional Cert. Declaration | BILLABLE | 5/22/2018 | 0.5 | $200.00 | $100.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Revise Complaint | BILLABLE | 5/22/2018 | 1 | $200.00 | $200.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Research<br>Research for conditional cert motion | BILLABLE | 5/22/2018 | 1.33 | $200.00 | $266.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Draft Conditional Cert Motion | BILLABLE | 5/22/2018 | 3.33 | $200.00 | $666.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Telephone call<br>Brief follow-up intake of client to follow up on initial intake. | BILLABLE | 5/15/2018 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Draft retainer | BILLABLE | 5/15/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email client requesting medical records | BILLABLE | 5/15/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |

| | ITEM | | STATUS | | DATE | | HRS. | | RATE ↑ | | TOTAL | | BILLED BY | | MATTER | |
|---|------|---|--------|---|------|---|------|---|------|---|-------|---|-----------|---|--------|---|
| | ▶ Review/analyze<br>review initial intake by CF | | BILLABLE | | 5/15/2018 | | 0.17 | | $200.00 | | $34.00 | | AMW | | Hunter v. Agility Energy, Inc. | |
| | ▶ Discussion<br>Discuss facts of the case with JV | | BILLABLE | | 5/15/2018 | | 0.17 | | $200.00 | | $34.00 | | AMW | | Hunter v. Agility Energy, Inc. | |
| | ▶ Research<br>Research other cases pending against Defendants | | BILLABLE | | 5/15/2018 | | 0.33 | | $200.00 | | $66.00 | | AMW | | Hunter v. Agility Energy, Inc. | |
| | ▶ Draft/revise<br>Draft Complaint | | BILLABLE | | 5/15/2018 | | 2.5 | | $200.00 | | $500.00 | | AMW | | Hunter v. Agility Energy, Inc. | |
| | ▶ Telephone call<br>Telephone call with R. Hunter to get facts for Complaint | | BILLABLE | | 5/16/2018 | | 0.83 | | $200.00 | | $166.00 | | AMW | | Hunter v. Agility Energy, Inc. | |
| | ▶ Discussion<br>Discuss facts of the case with JV and RV | | BILLABLE | | 5/16/2018 | | 0.33 | | $200.00 | | $66.00 | | AMW | | Hunter v. Agility Energy, Inc. | |
| | ▶ Research<br>research motor carrier exemption act for mechanics | | BILLABLE | | 5/16/2018 | | 0.5 | | $200.00 | | $100.00 | | AMW | | Hunter v. Agility Energy, Inc. | |
| | ▶ Draft/revise<br>Draft conditional cert motion | | BILLABLE | | 5/16/2018 | | 0.5 | | $200.00 | | $100.00 | | AMW | | Hunter v. Agility Energy, Inc. | |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|---|---|---|---|---|---|---|---|
| ▶ Draft/revise<br>draft complaint | BILLABLE | 5/16/2018 | 3.5 | $200.00 | $700.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Review and revise conditional cert. motion | BILLABLE | 5/23/2018 | 2.83 | $200.00 | $566.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Miscellaneous<br>process waiver of service | BILLABLE | 11/8/2018 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Discussion<br>Discuss waiver of services with SK and RV | BILLABLE | 11/8/2018 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Research<br>research deadline to file waiver of service with the court | BILLABLE | 11/8/2018 | 0.5 | $200.00 | $100.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Revise<br>Revise supporting declarations for conditional certification motion. | BILLABLE | 11/28/2018 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Research<br>Research portal to portal act as applied to remote workers | BILLABLE | 11/30/2018 | 1 | $200.00 | $200.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|---|---|---|---|---|---|---|---|
| ▶ Revise<br>Revise Hunter declaration for conditional certification motion | BILLABLE | 11/30/2018 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Telephone call<br>Telephone call with R. Hunter to discuss declaration in support conditional certification motion | BILLABLE | 11/30/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Draft Notice of Conditional Certification Motion | BILLABLE | 12/3/2018 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email client regarding declaration for conditional certification motion | BILLABLE | 12/3/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Draft table of contents for Conditional Certification Motion. | BILLABLE | 12/3/2018 | 1.5 | $200.00 | $300.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Revise<br>Revise conditional certification motion | BILLABLE | 12/4/2018 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |

| | ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|---|---|---|---|---|---|---|---|---|
| | **▶ Email** <br> Email AH to inquire about local practice in citing to exhibits. | BILLABLE | 12/4/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| | **▶ Discussion** <br> Discussion with partners regarding the complaint, filing, and the conditional cert motion. | BILLABLE | 5/24/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| | **▶ Draft/revise** <br> Draft Opt in form | BILLABLE | 5/25/2018 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| | **▶ Draft/revise** <br> Draft Riley's and Standridge's declarations | BILLABLE | 5/25/2018 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| | **▶ Draft/revise** <br> make edits to the conditional cert motion. | BILLABLE | 5/25/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| | **▶ Draft/revise** <br> Revise conditional cert. motion and declarations | BILLABLE | 5/29/2018 | 1.5 | $200.00 | $300.00 | AMW | Hunter v. Agility Energy, Inc. |
| | **▶ Telephone call** <br> Telephone call with Hunter to discuss Burton lawsuit's notice form | BILLABLE | 6/6/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|------|--------|------|------|--------|-------|-----------|--------|
| **Telephone call** Telephone call with potential opt in to discuss facts of claim | BILLABLE | 6/21/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Discussion** Discuss case with JV to send facts of the matter to potential co-counsel | BILLABLE | 6/25/2018 | 0.16 | $200.00 | $32.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Finalize** Finalize complaint prior to sending to local counsel | BILLABLE | 7/24/2018 | 1.16 | $200.00 | $232.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Email** Email CC regarding finalization of the complaint | BILLABLE | 8/1/2018 | 0.16 | $200.00 | $32.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Telephone call** Telephone call with Plaintiffs to discuss filing of the complaint | BILLABLE | 8/1/2018 | 0.16 | $200.00 | $32.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Finalize** Finalize the complaint | BILLABLE | 8/1/2018 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Email** Email JV regarding finalization of the complaint. | BILLABLE | 8/1/2018 | 0.16 | $200.00 | $32.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|---|---|---|---|---|---|---|---|
| **Discussion** Discussion with JV and AH regarding filing of the complaint | BILLABLE | 8/2/2018 | 0.16 | $200.00 | $32.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Email** Email AH final version of complaint to file | BILLABLE | 8/1/2018 | 0.16 | $200.00 | $32.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Draft/revise** Draft Opt-In form | BILLABLE | 8/3/2018 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Email** Email JP opt-in forms for clients to docusign | BILLABLE | 8/3/2018 | 0.16 | $200.00 | $32.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Discussion** Discussion with JP regarding K. Noles missing opt-in form | BILLABLE | 8/6/2018 | 0.16 | $200.00 | $32.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Review/analyze** review pro hac vice admission | BILLABLE | 8/6/2018 | 0.16 | $200.00 | $32.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Telephone call** Telephone call with R. Hunter to contact K. Noles to sign opt in form | BILLABLE | 8/6/2018 | 0.16 | $200.00 | $32.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|------|--------|------|------|--------|-------|-----------|--------|
| ▶ Discussion<br>Discussion with LA regarding filing of pro hac vice forms | BILLABLE | 8/7/2018 | 0.16 | $200.00 | $32.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Discussion<br>Discussion with JP regarding whether K. Noles submitted his opt in form. | BILLABLE | 8/7/2018 | 0.16 | $200.00 | $32.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email AH Opt in forms | BILLABLE | 8/8/2018 | 0.16 | $200.00 | $32.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>revise opt in form | BILLABLE | 8/20/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Time<br>email JP to resend opt in forms to clients | BILLABLE | 8/20/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Discussion<br>Discussion with LA regarding filing of client opt in forms | BILLABLE | 8/21/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Telephone call<br>Telephone call with R. Hunter to discuss his execution of the revised opt-in forms | BILLABLE | 8/23/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|------|--------|------|------|--------|-------|-----------|--------|
| ▶ Discussion<br>Discussion with JP regarding R. Hunter's and K. Noles executed revised opt in forms | BILLABLE | 8/23/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email OC proper opt in forms to file | BILLABLE | 8/28/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email R. Hunter to contact K. Noles to sign revised opt in form | BILLABLE | 8/28/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Telephone call<br>Opt in intake of M. Mezos | BILLABLE | 9/4/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email Jp to send M. Mezas an opt in form | BILLABLE | 9/4/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Conditional cert motion and notice | BILLABLE | 9/5/2018 | 1.33 | $200.00 | $266.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email conditional cert motion and notice to CC for review | BILLABLE | 9/5/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|------|--------|------|------|--------|-------|-----------|--------|
| **Meeting** VKV meeting to discuss status of litigation. | BILLABLE | 9/7/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Email** Email co-counsel M. Mezos opt in form | BILLABLE | 9/10/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Telephone call** Telephone call with co counsel and JV to discuss conditional cert motion. | BILLABLE | 9/14/2018 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Meeting** VKV Meeting to discuss status of the matter. | BILLABLE | 9/14/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Email** re-email CC class cert documents and opt in forms to file. | BILLABLE | 9/14/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Telephone call** Telephone call with defendants texas counsel to discuss service of complaint | BILLABLE | 10/17/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Revise** Revise conditional cert motion | BILLABLE | 10/23/2018 | 3.33 | $200.00 | $666.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|------|--------|------|------|--------|-------|-----------|--------|
| **Email** Email Defendants' counsel in the Burton case to determine whether Defendants will accept service | BILLABLE | 10/26/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Draft/revise** revise conditional cert motion | BILLABLE | 10/31/2018 | 0.66 | $200.00 | $132.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Review/analyze** Review waivers of service and email to OC | BILLABLE | 11/1/2018 | 0.5 | $200.00 | $100.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Meeting** VKV meeting to discuss case status. | BILLABLE | 10/29/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Research** research viability of two identical collective actions | BILLABLE | 11/2/2018 | 0.5 | $200.00 | $100.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Draft/revise** revise conditional certification motion | BILLABLE | 11/2/2018 | 1.17 | $200.00 | $234.00 | AMW | Hunter v. Agility Energy, Inc. |
| **Draft/revise** revise collective notice | BILLABLE | 11/3/2018 | 0.33 | $200.00 | $66.00 | AMW | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|------|--------|------|------|--------|-------|-----------|--------|
| ▶ Discussion<br>Discuss conditional cert motion with SK | BILLABLE | 11/5/2018 | 0.17 | $200.00 | $34.00 | AMW | Hunter v. Agility Energy, Inc. |
| ▶ Discussion<br>Discussion with AW, RV, JV re waivers of service | BILLABLE | 11/8/2018 | 0.3 | $350.00 | $105.00 | SK | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email with AW and RB re when we want to file conditional cert motion | BILLABLE | 12/5/2018 | 0.2 | $350.00 | $70.00 | SK | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Review/edit Conditional Cert motion | BILLABLE | 11/28/2018 | 2.2 | $350.00 | $770.00 | SK | Hunter v. Agility Energy, Inc. |
| ▶ Worked on<br>Worked on complaint - discussed with RV, discussed conditional cert motion | BILLABLE | 5/24/2018 | 0.6 | $350.00 | $210.00 | SK | Hunter v. Agility Energy, Inc. |
| ▶ Edit<br>Edit Conditional Certification motion after discussion with AW, discussion with RB, discussion with JV | BILLABLE | 5/23/2018 | 0.6 | $350.00 | $210.00 | SK | Hunter v. Agility Energy, Inc. |
| ▶ Review/analyze<br>Review decisions issued by Court and discuss with Alex | BILLABLE | 11/18/2019 | 1 | $350.00 | $350.00 | RRB | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|------|--------|------|------|--------|-------|-----------|--------|
| **Discussion** <br> Discussion via email with RB, AW and JV and with JV in person re scheduling order and whether or not we need to refile conditional cert motion | BILLABLE | 7/2/2019 | 0.33 | $350.00 | $115.50 | SK | Hunter v. Agility Energy, Inc. |
| **Email** <br> Emails with team re settlement numbers | BILLABLE | 5/15/2019 | 0.25 | $350.00 | $87.50 | SK | Hunter v. Agility Energy, Inc. |
| **Communicate (other outside counsel)** <br> Conference with opposing counsel regarding settlement and prepare email related to updated demand as well as discuss with Alex | BILLABLE | 4/17/2019 | 1 | $350.00 | $350.00 | RRB | Hunter v. Agility Energy, Inc. |
| **Communicate (other external)** <br> Conference with OC and Alex regarding settlement | BILLABLE | 2/26/2019 | 0.5 | $350.00 | $175.00 | RRB | Hunter v. Agility Energy, Inc. |
| **Communicate (other outside counsel)** <br> Conference with OC and Alex regarding settlement | BILLABLE | 2/27/2019 | 0.5 | $350.00 | $175.00 | RRB | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|---|---|---|---|---|---|---|---|
| ▶ Draft/revise<br>Review and edit draft complaint | BILLABLE | 5/22/2018 | 0.8 | $350.00 | $280.00 | RRB | Hunter v. Agility Energy, Inc. |
| ▶ Review/analyze<br>review filings - MTD, MTStay Cert, emails re proposed scheduling order | BILLABLE | 1/15/2019 | 0.25 | $350.00 | $87.50 | SK | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Email with team re setting up 26f conf with OC, reviewed order | BILLABLE | 1/15/2019 | 0.2 | $350.00 | $70.00 | SK | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Review and edit draft motion for approval of settlement | BILLABLE | 3/6/2020 | 1.6 | $350.00 | $560.00 | RRB | Hunter v. Agility Energy, Inc. |
| ▶ Draft/revise<br>Continued review of settlement agreement and prepare email to opposing counsel regarding same | BILLABLE | 3/5/2020 | 0.5 | $350.00 | $175.00 | RRB | Hunter v. Agility Energy, Inc. |
| ▶ Email<br>Review email related to settlement and discuss with Alex | BILLABLE | 1/29/2020 | 0.17 | $350.00 | $59.50 | RRB | Hunter v. Agility Energy, Inc. |
| ▶ Review<br>Review draft agreement and edit | BILLABLE | 3/3/2020 | 0.6 | $350.00 | $210.00 | RRB | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|------|--------|------|------|--------|-------|-----------|--------|
| **Review** — Review draft agreement and discuss with Alex | BILLABLE | 3/4/2020 | 0.5 | $350.00 | $175.00 | RRB | Hunter v. Agility Energy, Inc. |
| **Email** — Review and respond to emails related to settlement | BILLABLE | 2/18/2020 | 0.5 | $350.00 | $175.00 | RRB | Hunter v. Agility Energy, Inc. |
| **Communicate (other external)** — Conference with opposing counsel regarding potential resolution as well as prepare email regarding same | BILLABLE | 2/4/2020 | 0.2 | $350.00 | $70.00 | RRB | Hunter v. Agility Energy, Inc. |
| **Email** — Prepare email to opposing counsel regarding settlement and discuss with Alex | BILLABLE | 2/11/2020 | 0.2 | $350.00 | $70.00 | RRB | Hunter v. Agility Energy, Inc. |
| **Discussion** — Discussion with RB re issues with the case - they want to settle for too little, said we need to check other settlement notice to confirm not waiving right to proceed even if not opting in. | BILLABLE | 5/23/2019 | 0.25 | $350.00 | $87.50 | SK | Hunter v. Agility Energy, Inc. |

| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|------|--------|------|------|--------|-------|-----------|--------|
| **Email** Email to team after discussion with RB re issues with the case - they want to settle for too little, said we need to check other settlement notice to confirm not waiving right to proceed even if not opting in. | BILLABLE | 5/23/2019 | 0.2 | $350.00 | $70.00 | SK | Hunter v. Agility Energy, Inc. |
| **Review/analyze** review notice from other action, responded to emails re issues | BILLABLE | 5/23/2019 | 0.42 | $350.00 | $147.00 | SK | Hunter v. Agility Energy, Inc. |
| **Communicate (other external)** Review draft planning report, discuss with local counsel, opposing counsel and Alex | BILLABLE | 1/14/2020 | 0.8 | $350.00 | $280.00 | RRB | Hunter v. Agility Energy, Inc. |
| **Communicate (in firm)** Discuss scheduling order with Alex | BILLABLE | 1/15/2020 | 0.17 | $350.00 | $59.50 | RRB | Hunter v. Agility Energy, Inc. |
| **Communicate (other external)** Conference with opposing counsel and co-counsel regarding possible resolution as well as email Alex regarding same | BILLABLE | 1/21/2020 | 0.6 | $350.00 | $210.00 | RRB | Hunter v. Agility Energy, Inc. |



| ITEM | STATUS | DATE | HRS. | RATE ↑ | TOTAL | BILLED BY | MATTER |
|---|---|---|---|---|---|---|---|
| ▶ **Discovery** <br> Review draft discovery plan and prepare email regarding same | BILLABLE | 1/16/2019 | 0.5 | $350.00 | $175.00 | RRB | Hunter v. Agility Energy, Inc. |
| ▶ **Discussion** <br> Discussion with RV, RB, AW re their MTD, Motion to Stay | BILLABLE | 1/17/2019 | 0.42 | $350.00 | $147.00 | SK | Hunter v. Agility Energy, Inc. |
| ▶ **Communicate (other outside counsel)** <br> Conference with opposing counsel regarding settlement and discuss with Alex | BILLABLE | 1/27/2020 | 0.5 | $350.00 | $175.00 | RRB | Hunter v. Agility Energy, Inc. |
| ▶ **Edit** <br> Edit complaint for filing. Discuss with Sara K. | BILLABLE | 5/24/2018 | 0.5 | $400.00 | $200.00 | RJVJ | Hunter v. Agility Energy, Inc. |
| ▶ **Edit** <br> Edit Conditional Cert motion. Track changes/edits | BILLABLE | 5/24/2018 | 0.8 | $400.00 | $320.00 | RJVJ | Hunter v. Agility Energy, Inc. |
| | | | 173.57 | | $37,285.00 USD | | |

# April Hollingsworth

1881 South 1100 East
Salt Lake City, UT 84105
april@aprilhollingsworthlaw.com
O: (801) 415-9909

# INVOICE

| | |
|---|---|
| Number | 99 |
| Issue Date | 4/21/2020 |
| Due Date | 5/21/2020 |
| Email | awhite@vkvlawyers.com |

## Bill To:

Rickey Hunter

O: (516) 203-7180

Time Entries

| Time Entries | Billed by | Rate | Hours | Sub |
|---|---|---|---|---|
| Draft/revise<br>8/1/2018<br>Edit complaint; email Alex, etc | April Hollingsworth | $385.00 | 0.60 | $231.00 |
| Review/analyze<br>9/17/2018<br>Review pro hac orders | April Hollingsworth | $385.00 | 0.20 | $77.00 |
| Phone call<br>10/2/2018<br>Phone calls w/ help desk, court clerk, co-counsel to get notices filed on behalf of plaintiffs | April Hollingsworth | $385.00 | 0.80 | $308.00 |
| Email<br>10/11/2018<br>Review Agility Energy listing and email Alex re: who to serve | April Hollingsworth | $385.00 | 0.20 | $77.00 |
| Email<br>11/8/2018<br>Respond to email from Alex, file all waiver of service forms | April Hollingsworth | $385.00 | 0.30 | $115.50 |
| Review/analyze<br>12/4/2018<br>Review email from Alex; edit caption; review, forward order re: scheduling; email Alex | April Hollingsworth | $385.00 | 0.40 | $154.00 |
| Review/analyze<br>1/7/2019<br>Email Alex; review, edit conditional cert memo | April Hollingsworth | $385.00 | 0.50 | $192.50 |
| Email<br>1/23/2019<br>Review, respond to email from Alex | April Hollingsworth | $385.00 | 0.20 | $77.00 |
| Review/analyze<br>1/25/2019<br>Review email from Alex, email him form for proposed scheduling order | April Hollingsworth | $385.00 | 0.20 | $77.00 |
| Review/analyze<br>3/6/2019<br>Review stipulation from Alex; emails to/from Alex re: extension | April Hollingsworth | $385.00 | 0.20 | $77.00 |
| Phone call<br>6/24/2019<br>Phone call with Alex White | April Hollingsworth | $385.00 | 0.20 | $77.00 |

| Time Entries | Billed by | Rate | Hours | Sub |
|---|---|---|---|---|
| Review/analyze<br>6/25/2019<br>Review amended complaint; emails to/from Alex | April Hollingsworth | $385.00 | 0.30 | $115.50 |
| Review/analyze<br>7/18/2019<br>Review motions to dismiss; emails to/from Alex and Rob re: deadlines; review, revise and file withdrawal of motion for conditional cert | April Hollingsworth | $385.00 | 0.90 | $346.50 |
| Draft/revise<br>7/30/2019<br>Revising briefs and sending back with comments to NY counsel | April Hollingsworth | $385.00 | 3.10 | $1,193.50 |
| Review/analyze<br>8/1/2019<br>Review revised drafts of memos; email co-counsel | April Hollingsworth | $385.00 | 0.30 | $115.50 |
| Review/analyze<br>12/20/2019<br>Review proposed attorney planning meeting report; email Alex | April Hollingsworth | $385.00 | 0.20 | $77.00 |
| Email<br>1/8/2020<br>Respond to email from Alex | April Hollingsworth | $385.00 | 0.10 | $38.50 |
| Phone call<br>1/14/2020<br>Conference call re: scheduling | April Hollingsworth | $385.00 | 0.30 | $115.50 |
| Phone call<br>1/21/2020<br>Phone call to Alex, phone call with Rob and Kim (opp counsel) | April Hollingsworth | $385.00 | 0.20 | $77.00 |
| Review/analyze<br>3/16/2020<br>Review and edit settlement motion | April Hollingsworth | $385.00 | 0.40 | $154.00 |
| **Time Entries Total** | | | **9.60** | **$3,696.00** |

| | |
|---|---|
| Total (USD) | $3,696.00 |
| Paid | $0.00 |
| Balance | $3,696.00 |
| Total Outstanding | $3,696.00 |

## Terms and Conditions

Thank you for your business. Please pay this invoice by the above payment due date.

## Trust Account Balance

| Date | Item | Amount | Balance |
|---|---|---|---|
| **4/21/2020** | **Current Balance** | | **$0.00** |